DUCKER, JUDGE:
Claimants, William C. Mclver and Wilma L. Mclver, husband and wife respectively, and Earnest R. White and Jo Ann White, husband and wife respectively, owners of adjoining parcels of land situate on the west side of State Route No. 2, approximately IV2 miles south of the City limits of New Martinsville, West Virginia, allege damages in amounts of $3000.00 to the Mclver property, and $15,000.00 to the White property, resulting from slippage of their properties in 1971 allegedly caused by negligence of the respondent in the latter’s maintenance of Route No. 2 adjoining claimants’ property, in that during prior years the respondent placed layer upon layer of asphalt and other road materials on the highway to keep the highway in a level and passable condition and that by so doing the weight of the road caused the land of the claimants to slide and destroy the houses of the claimants.
The respondent moved to dismiss the claims on the grounds that condemnation proceedings were the only proper remedy, and by its *24 answer it denied any negligence on its part and alleged that the slide was not caused by it but was due to a vein of “gumbo” in the land.
As the same factual situation, except as to the respective amounts of damages, existed as to both of these claims, it was agreed that they could be, and they were, heard together by the Court.
As to the motion to dismiss on the ground that claimants have an adequate remedy at law by way of mandamus to compel the respondent to initiate condemnation proceedings, we are of the opinion to, and do overrule the same, because the damages were in effect the result of a single trespass which is not a continuing one but one which can be definitely determined as to damages and does not amount to a “taking” of the land, as is required for condemnation.
The evidence in the cases consists of the testimony of the two male claimants and five former employees of the respondent, namely Berner Phillips, Lester Kennedy, Edward Loehr, Yonsell Eller and Victor Pyles. The testimony of all five of the former employees were substantially, in varying degrees, to the same effect, that during their employment with the Department of Highways, there was constant need of repair of the road at the place in question, even as much as four or five times some years, building it up with tar and gravel and sometimes asphalt; that at one time there was at that location a street car track; that the road would keep breaking down and in a “pretty wet season” before the filling was put in, the road had gotten so bad there were several accidents over it; and that several times material had to be put in two or three times a week. The testimony as to the accumulated thickness of the asphalt and other paving material put in from time to time varied from eleven to twenty feet. After the slide which damaged the claimants’ houses, the respondent drove heavy piling all along the area where the slide had occurred, and since then there has been po further movement of the land.
The respondents’ evidence consists entirely of the testimony of George P.' Sovick who for the past eleven years has been chief engineer of the right-of-way department of the respondent, and his opinion was that the slide which damaged the claimants’ properties was caused by a two inch streak.or seam of gumbo underlying the lands of the claimants. He discovered the gumbo cropping out along the ditch adjacent to the railroad track along the back side of the property, and he concluded that with the natural drainage down *25 upon and affecting the property, the gumbo, a fine loose material, which, when it gets wet, is slick as grease and causes most of the slides, was the proximate cause of the slide which damaged the claimants’ premises. Mr. Sovick also testified as to the various phases of the damages done to the building of the claimants.
On the day of the hearing of this case the Court with counsel for the parties personally viewed the lands and houses involved in these claims, so that evidence of the claimants and respondent could be better understood.
From the evidence of the claimants and the view taken it appears to the Court the claimants have clearly proved that the highway at that place required most unusually extra maintenance and repair because of its base being upon unstable terrain and foundation, and that the cause of the cracking to the extent of ten to twelve inches wide, disintegrating, the slipping and breaking should have been ascertained long before the occurrence of the slide which affected claimants’ property occurred. The testimony of Mr. Sovick is most credible and the gumbo may have been the underlying cause of the sliding characteristic of the land at that place and if the probability of a slide had not been forseeable for a long time before it occurred, we could accept Mr. Sovick’s theory and conclusion. The instability of the land embraced in the right of way should not have been overlooked by the respondent, and it is our conclusion that the respondent has been negligent in its maintenance of the road by continuing to make insufficient additions to the surface of the roadway instead of timely correcting the road structure to avoid the pressure of the hillside down upon and against the claimants’ properties. As evidenced by the fact that the condition was corrected by the installation of piling in 1971, the correction should have been considered necessary and done before the damage to claimants’ property was done. We are of the opinion that the respondent should have forseen the probability of the result which occurred and was negligent in not providing against such result and the claimants are entitled to recover such reasonable damages they have suffered.
The evidence is not very satisfactory as to the values of the. properties damaged. The Mclver property damage was testified to as being $2500 to $3000 and the. White property damages as being $7250 at normal market value in 1968. These values include the *26 land which may or may not retain their original values. The Court is of the opinion that there is little left of value in the houses or improvements. Having viewed the premises as well as considered the evidence, we can only estimate what would be reasonable amounts to allow the claimants as their damages.
The Court is of the opinion to and does hereby award the claimants William C. Mclver and Wilma L. Mclver the sum of $1000, and the claimants Earnest R. White and Jo Ann White the sum of $7500.
Award to William C. Mclver and Wilma L. Mclver $1000.
Award to Earnest R. White and Jo Ann White $7500.